Marie YOUNG, Appellant,

v.

RYDER STUDENT TRANSPORTATION SERVICES and Division of Employment Security, Respondent.

No. ED 78846.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 29, 2001.

Alan J. Downs, St. Louis, MO, for Appellant.

Michael Thomas Finneran, St. Louis, MO, Ryder Transportation Services, O'Fallon, MO, for Respondent.

DRAPER, Judge.

Marie Young, Linda Russell, Karen Seay, and Leslie Kinzel (hereinafter and collectively, "Claimants") appeal the decision of the Labor and Industrial Relations Commission (hereinafter, "the Commission") reversing the benefits awarded them by the Appeals Tribunal of the Division of Employment Security (hereinafter, "the Appeals Tribunal"). Claimants appeal charging they are eligible for waiting week credit or benefits for certain weeks in December 1998 and January 1999.

Facts in this case are stipulated as follows: Ryder Student Transportation Services (hereinafter, "Ryder") employs approximately 310 drivers and monitors to provide transportation services to Fort Zumwalt School District and Francis Howell School District (hereinafter, "the Districts"). Prior to the 1998 school year, Ryder and its union were unable to reach contract agreements. Accordingly, Ryder employees, including Claimants, began striking and picketing on September 8, 1998.

The Districts invoked the *force majeure* clause in their contracts with Ryder to take over the transportation services. Ryder owned the buses and continued to bill the Districts pursuant to its regular rate. In their payments to Ryder, the Districts deducted the amount of their operating expenses, including the salaries of the drivers and monitors. In accordance with this agreement, the drivers and monitors became employees of the Districts.

On September 11, 1998, the Districts and the union entered into a Memorandum of Understanding. The drivers and monitors began working for the Districts within a week of the strike initiation. Further, in order to provide proper transport services, the Districts provided interim managers at the facilities located in each district.

The drivers and monitors worked for the Districts from September 1998 to December 1998. Ryder considered the workers to be "on leave" and without benefits while they worked for the Districts. The drivers and monitors worked until the Christmas holiday, but did not work during the schools' vacation nor were they able to return to work in January due to snow and poor road conditions.

The strike ended in January 1999. Contracts were ratified on January 20 and 21, 1999. Ryder resumed employment of the drivers and monitors on January 28, 1999. There was no determination by the National Labor Relations Board or federal court of law that Ryder committed an un-

fair labor practice for any act or action, prior to or during the strike.

Pursuant to Section 288.040.6 RSMo (2000),[1] Claimants sought eligibility for waiting week credit or benefits for the weeks in which they were unemployed. The Division of Employment Security determined Claimants were ineligible for such benefits because their unemployment was due to a strike at the premises where they were last employed. Claimants appealed to the Appeals Tribunal who found them eligible in its consolidated opinion issued on August 4, 2000. The Division of Employment Security then appealed to the Commission. In its decision dated November 2, 2000, the Commission found that Claimants failed to obtain bona fide employment as permanent employees of another employer and that the employer was not guilty of an unfair labor practice, and therefore, Claimants statutorily were ineligible for benefits. Claimants appeal to this Court.

■ This Court may modify, reverse, remand or set aside an award or decision of the Commission only if the Commission acted without or in excess of its powers, the award was procured by fraud, the facts found by the Commission do not support the award or there was not sufficient competent evidence in the record to warrant the making of the award. Section 288.210. We are not bound by the Commission's conclusions of law nor its application of law to the facts. *Division of Employment Sec. v. Taney County Dist. R–III*, 922 S.W.2d 391, 393 (Mo. banc 1996). "Where there is no factual dispute, and the issue is the construction and application of the statute to virtually uncontroverted facts, the issue is one of law." *Id.*

Claimants raise one point on appeal. They claim the Commission erred in denying waiting week credit or benefits because their ineligibility for waiting week credit or benefits was not caused by a stoppage of work due to a labor dispute in the factory establishment or other premises in which Claimants were last employed. Claimants allege that their unemployment was caused by the Christmas holiday and bad weather.

At issue in this appeal is the application of Section 288.040.6 in deciding whether Claimants were ineligible for benefits. A claimant is considered ineligible for waiting week credit or benefits if that unemployment is due to a stoppage of work due to a labor dispute where the claimant was last employed. Section 288.040 .6(1). Further, if that claimant secures other employment during the labor dispute, it must be "bona fide employment as a permanent employee for at least the major part of each of two weeks in such subsequent employment to terminate his or her ineligibility." *Id.*

■ Claimants' rationale that their unemployment was due to the Christmas holiday and bad weather is a perversion of the statutory language. In order to remove the cloud of ineligibility for waiting week credit or benefits, Claimants needed to secure bona fide employment as permanent employees. *Id.* Claimants were separated from their employment with Ryder due to their labor dispute. They were striking employees in a bargaining unit that initiated the strike against their employer. Claimants then obtained employment through the Districts during their strike against Ryder. Counsel for Claimants conceded twice during oral argument that Claimants were only temporary employees of the Districts. Hence, they were not permanent employees and the Com-

1. All further statutory references are to RSMo (2000) unless otherwise noted.

mission did not err in its application of the facts to the law.

The judgment of the Commission is affirmed.

GARY M. GAERTNER, SR., P.J. and LAWRENCE G. CRAHAN, J., concur.